**AI XIM CHENG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–3584–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Charles Christophe, New York, NY, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristen Giuffreda Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Ai Xim Cheng, a native and citizen of the People's Republic of China, seeks review of a July 2, 2008 order of the BIA denying her motion to reopen. *In re Ai Xim Cheng*, No. A076 993 815 (B.I.A. July 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Cheng's untimely motion to reopen.

Cheng argues that the BIA erred in concluding that she failed to demonstrate either material changed country conditions sufficient to excuse the time limitation for filing her motion to reopen or her *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Additionally, the BIA did not err in finding that Cheng failed to demonstrate material changed country conditions as to her claim based on religion where the evidence that she submitted in support of her motion to reopen indicates that the Chinese government's treatment of Christians has remained constant. *See Jian Hui Shao*, 546 F.3d at 169.

This Court lacks jurisdiction to review the BIA's decision insofar as it declined to reopen Cheng's proceedings *sua sponte*. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).